CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| KITA SWANDI SMITH, ) | Civil Action No. 7:06CV00007 |
| Petitioner, ) | Criminal Action No. 7:03CR00035 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

The petitioner, Kita Swandi Smith, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The petitioner alleges that he received ineffective assistance of counsel at sentencing, and that his sentence is invalid in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 543 U.S. 220 (2005). For the following reasons, the petitioner's motion is untimely and must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

## Background

On July 14, 2003, the petitioner pled guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The petitioner was subsequently sentenced to a total term of imprisonment of 235 months. The petitioner's judgment of conviction was entered on October 29, 2003. The petitioner did not appeal his convictions or sentence.

The petitioner executed this § 2255 motion on January 2, 2006. On January 10, 2006, the

---

[1] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

court conditionally filed the motion and advised the petitioner that the motion appeared to be untimely. The court directed the petitioner to submit within twenty days any argument and/or evidence concerning the timeliness of his motion. The petitioner filed a response to the conditional filing order on February 3, 2006. The petitioner contends that the motion is timely, because it was filed within one year of the date on which the Supreme Court issued its opinion in Booker.

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, ¶ 6 (1).[2] In this case, the petitioner's judgment of conviction was entered on October 29, 2003. Because the petitioner did not appeal his convictions or sentence, the judgment became final on or about November 11, 2003, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, the petitioner had until November 11, 2004 to file a timely motion under § 2255, paragraph 6, subsection (1). Because the petitioner did not execute this motion until January 2, 2006, the petitioner's motion is clearly untimely under subsection (1).

In response to the court's conditional filing order, the petitioner argues that the motion is timely under § 2255, paragraph 6, subsection (3), since it was filed within one year of the Booker decision. However, this argument is without merit. Subsection (3) provides that a § 2255 motion

---

[2] Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

2

may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255, ¶ 6 (3). The United States Court of Appeals for the Fourth Circuit recently held that the rule announced in Booker does not apply retroactively to federal prisoners, like the petitioner, whose convictions became final before Booker was decided. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, the rule announced in Booker offers the petitioner no ground for relief under § 2255, and no basis upon which to find his petition timely under § 2255, paragraph 6, subsection (3).

For these reasons, the petitioner's motion must be dismissed. The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 14th day of February, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge